Alexei SHEVIAKOV; Tatiana
Zakhartchenko, Petitioners,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

No. 99–70743.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 11, 2000.

Decided Jan. 26, 2001.

Before KOZINSKI and KLEINFELD,
Circuit Judges, and SCHWARZER,[1]
Senior District Judge.

MEMORANDUM[2]

Petitioners appeal the Board of Immigration Appeal's ("BIA") dismissal of their appeal for Asylum and Withholding of Deportation. The petition was timely, and we have jurisdiction.[3]

■ Petitioners' argue that the Immigration Judge (IJ) erred by relying exclusively on the State Department Report. The IJ has discretion, however, to rely exclusively on country reports.[4]

Petitioners next argue that they were not given a reasonable opportunity to present evidence because the INS objected to some of their questions as leading and the IJ sustained the objections. But there is no showing of a violation of the due process clause or any administrative regula-

1. The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

3. Issues related to jurisdiction are disposed of in a separate opinion filed simultaneously with this memorandum disposition.

4. *Kazlauskas v. I.N.S.*, 46 F.3d 902, 906 (9th Cir.1995).

tion or established authority that would furnish a basis for relief.

■ Petitioners also complain that the IJ denied them a continuance. The decision whether to grant a continuance is in the sound discretion of the trial judge and will not be overturned except on a showing of clear abuse.[5] Counsel had several months to prepare the case, and petitioners have not made a showing of clear abuse.

■ Finally, petitioners argue that the IJ's decision that they did not face past persecution and have a well-founded fear of future persecution was not supported by substantial evidence. Petitioner Sheviakov alleges religious persecution from being forced to serve in the Russian military when his faith prohibits him from participating in military service. Compulsory military service alone is not a basis for asylum based on political or religious persecution,[6] and there was substantial evidence to support the IJ's finding of no persecution on account of religion, including the existence of alternative forms of service.

AFFIRMED.

---

5. *Gonzalez v. I.N.S.*, 82 F.3d 903, 908 (9th Cir.1996).

6. *I.N.S. v. Elias–Zacarias*, 502 U.S. 478, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992); *Abedini v. I.N.S.*, 971 F.2d 188 (9th Cir.1992); *Gonzalez*, 82 F.3d at 908.